2003 OK JUD ETH 5

# JUDICIAL ETHICS ADVISORY PANEL

Oklahoma Judicial Ethics Advisory Panel.

Aug. 6, 2003.

---

## JUDICIAL ETHICS OPINION 2003-5

¶ 1 **QUESTION 1:** May a municipal judge retain that office after the judge's spouse is elected to the city council?

¶ 2 **QUESTION 2:** If, in the future, the spouse becomes Mayor with the right to appoint the municipal judge, must the judge resign?

¶ 3 **FACT SITUATION:**

1. The judge seeking an opinion has been a municipal judge in a rural community since 1996. The term of office is two years and the appointment is made by the Mayor.

2. The judge was last reappointed in 2002. Since that appointment, the judge's spouse has become a member of the city council.

¶ 4 **Canon 2:** "A Judge Should Avoid Impropriety and the Appearance of Impropriety in all of the Judge's Activities.

(A) A judge should respect and comply with the law at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary."

¶ 5 **WE ANSWER:**

Question 1: Yes

Question 2: No, but may not be re-appointed by spouse.

## DISCUSSION:

¶ 6 The answer to these questions involve not only Canon 2 and the appearance of impropriety, but also the provision of 11 O.S. § 8–106 dealing with the subject of nepotism and Canon 2A as it requires a judge to comply with the law at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.

¶ 7 Title 11 O.S. § 8–106 provides, "No elected or appointed official or other authority of the municipal government shall appoint or elect any person related by affinity or consanguinity within the third degree to any ... office or position of profit in the municipal government. The provisions of this section shall not prohibit an officer or employee already in the service of the municipality from continuing in such service or from promotion therein."

¶ 8 It is not our function to construe statutes but it appears that the statute in question is so clear and unambiguous as applied to the fact situation that no interpretation is necessary and our answers comply with the provisions of Canon 2 of the Code of Judicial Conduct.

¶ 9 ROBERT L. BAILEY, Chairman,
ROBERT D. SIMMS, Vice Chairman,
MILTON C. CRAIG, Secretary.